■ WILLIAM G. SPRING, JR., an Infant, by WILLIAM G. SPRING, His Guardian ad Litem, et al., Respondents, v. GEDNEY DEVELOPMENT CORP., Appellant.— In an action by an infant plaintiff (who was three and one-half months old at the time of the accident) to recover damages for personal injuries sustained by him when, in the kitchen sink of his parents' apartment, he came into contact with hot water from the sink faucet; and by his father to recover damages for the future loss of his services and for medical expenses, the defendant appeals from a judgment of the Supreme Court, Dutchess County, rendered January 30, 1959, after a jury trial, in favor of plaintiffs. The infant suffered extensive second and third degree burns on the face and left side of the body. Defendant, the owner and operator of the apartment building, is charged with negligently supplying scalding water to the apartment in which plaintiffs lived as tenants. Judgment reversed on the facts and a new trial granted, with costs to abide the event. In our opinion, the verdict is against the weight of the credible evidence. Beldock, Acting P. J., Ughetta, Christ and Pette, JJ., concur.

■ MURRAY YELLON, Respondent, v. LAWRENCE KESSLER, Appellant.— In an action to recover damages for injuries to person and property, defendant appeals from an order of the Supreme Court, Nassau County, dated July 26, 1960, which grants plaintiff's motion for summary judgment. Order reversed, with $10 costs and disbursements, and motion denied. The record presents issues of fact which should be resolved after trial. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■

## (December 15, 1960)

■ In the Matter of EDMUND M. MYSIAK et al., Petitioners, v. SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.— Petition, pursuant to article 78 of the Civil Practice Act, to prohibit the Supreme Court in Nassau County, one of its Justices, and the petitioners in a habeas corpus proceeding presently pending in said court before such Justice, from taking any further action in said habeas corpus proceeding on the ground that the Supreme Court is without jurisdiction. Cross motions by respondents, pursuant to section 1293 of article 78 of the Civil Practice Act, to dismiss the said petition as a matter of law, on the ground that it fails to state facts sufficient to entitle petitioners to relief. Cross motions granted and petition dismissed. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ In the Matter of EDWARD S. SILVER, as District Attorney of the County of Kings, Petitioner, v. SAMUEL TURCHIN, an Attorney, Respondent.— Motion by petitioner to confirm the report of the Official Referee granted; respondent disbarred and his name ordered struck from the roll of attorneys. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CALLOWAY, Appellant.— Motion by appellant to compel the court stenographer to prepare and file on or before December 31, 1960, pursuant to statute (Code Crim. Pro., § 456), a typewritten transcript of the minutes of the trial, or in the alternative, to direct that appellant be released on reasonable bail or that the judgment of conviction be reversed and a new trial granted. Motion denied, without prejudice to renewal in the event that the typewritten transcript be not made available to appellant by January 5, 1961. On the court's own motion, this appeal is ordered on the calendar for the February Term, commencing January 30, 1961. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.